**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.    1:23 CR 201 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| DARSEAN SCOTT, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Defendant. | ) | |

This matter comes before the Court upon Defendant, Darsean Scott's Motion for

Sentence Reduction/Modification. (ECF #67).  The Government filed a Response in Opposition

to Defendant's Motion to Reduce Sentence Under 18 U.S.C. §3582(c)(2).

Mr. Scott presents three arguments in support of his request for a sentence reduction. He

argues: (1) that he can demonstrate "extraordinary and compelling" reasons for a reduction under

U.S.S.G. §1B1.13(b)(5) and/or (6) based on the First Step Act's amendment to sentence stacking

provisions of 18 U.S.C. §924(c); (2) that his sentencing guidelines should be reduced under the

821Amendment to the Sentencing Guidelines; and, (3) that his conviction under 18 U.S.C.

§922(g) is unconstitutional. The government's response focused solely on the arguments made

pursuant to Amendment 821, however, all three arguments lack merit.

   A. U.S.S.G. §1B1.13

Mr. Scott argues that the First Step Act of 2018 amended the stacking provision in 18

U.S.C. §924(c) and, although the Amendment was not made retroactive by the legislature, these

changes create a gross disparity between the sentence imposed and the sentence he would have received post-Amendment. He believes that this would constitute "extraordinary and compelling" reasons that would qualify him for a sentence reduction under 18 U.S.C. §3582(a)(1)(A)(i) and U.S.S.G. §1B1.13(b)(6). This argument fails for three reasons. First, the Court has no jurisdiction to consider a motion under §1B1.13 until a defendant has exhausted his administrative remedies. Under the First Step Act Congress authorized defendants to file their own motion petitioning the court for a modification of their term of imprisonment once they had "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ("BOP") to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. §3582(c)(1)(A). Mr. Scott does not claim to have exhausted his administrative remedies, and the Court, therefore, has no authority to address his motion. *United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020). Even if he had exhausted his administrative remedies, Mr. Scott was sentenced years after the First Step Act of 2018 took effect, so any benefit he could receive from the changes to the stacking provisions of §924(c) would already have been incorporated into the original determination of his sentence. Finally, the current law in the Sixth Circuit holds that non-retroactive legislative amendments cannot form the basis for a finding of "extraordinary" circumstances under 18 U.S.C. §3582(a)(1)(A)(i). *United States v. McCall*, 56 F.4th 1048, 1062-63(6th Cir. 2022)(holding the term "extraordinary," as used in 18 U.S.C. §3582(a)(1)(A)(i) is unambiguous and cannot be satisfied by non-retroactive legislative changes).

B. Amendment 821

Amendment 821 also fails to provide a means of relief in Mr. Scott's circumstances. This

Amendment to the Sentencing Guidelines was applied to Mr. Scott's criminal history calculation at the time of his original sentencing. In addition, even if he had received the pre-amendment penalty of two criminal history points rather than one, it would not have changed his criminal history category, or changed his sentencing guideline range. Mr. Scott had nineteen criminal history points from his prior criminal offenses. Under the revised U.S.S.G. §4A1.1(e) he received one additional point for being under a criminal justice sentence. This gave him a total of twenty points, which put him in criminal history category VI. Criminal history category VI begins at a score of 13 criminal history points. Therefore, the addition of status points under §4A1.1 had no effect on his sentencing guideline range. He would have been a criminal history category VI whether one, two or even zero status points were applied. He is not entitled to any reduction under Amendment 821.

C. Constitutionality of 18 U.S.C. §922(g)

Mr. Scott also challenges the constitutionality of his convictions under 18 U.S.C. §922(g), for being a felon in possession of a firearm. The Sixth Circuit has recognized that 18 U.S.C. §922(g) is constitutional on its face, and as applied to dangerous persons. *See, e.g.*, *United States v. Williams*, 113 F.4th 637 (6th Cir. 2024); *United States v. Garrison*, 2024 U.S. App. Lexis 31174 (6th Cir, Dec. 19, 2024). There is no question Mr. Scott qualifies as a dangerous person for purposes of applying 18 U.S.C. §922(g). The instant offense involved illegal dealing in firearms and distribution of controlled substances, both of which create danger for the community, as well as the people directly invovled. Further, the Court may look beyond the predicate offense for evidence of dangerousness. *Williams*, 113 F.4th 657. Mr. Scott has an extensive and violent criminal history, including convictions for robbery, attempted felonious

3

assault, burglary, assault, aggravated menacing, trafficking offense and resisting arrest, among others.  In total he had over nineteen criminal history points with a wide range of prior convictions showing he is a dangerous offender who can unquestionably be constitutionally prohibited from possessing firearms.  See, *Id.*

For the reasons set forth above, Mr. Scott's Motion for Sentence Reduction/Modification is DENIED.

DONALD C. NUGENT
United States District Judge

DATED: January 21, 2025